1  JOHN M. SORICH (CA Bar No. 125223)
   jsorich@adorno.com
2  S. CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@adorno.com
3  ROCIO HERRERA (CA Bar No. 237139)
   rherrera@adorno.com
4  ADORNO YOSS ALVARADO & SMITH
   A Professional Corporation
5  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
6  Tel: (714) 852-6800
   Fax: (714) 852-6899
7
   Attorneys for Defendant
8  CHASE HOME FINANCE LLC, erroneously
   sued as CHASE HOME FINANCE and JAMIE
9  DIMON

10             UNITED STATES DISTRICT COURT
11             NORTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  HOMERO VELASQUEZ SAABEDRA<br>14  Sramineus Homo, US Vessel<br>15        Libellant,<br>16  v.<br>17  CHASE HOME FINANCE, MR. JAMIE DIMON PRESIDENT, US Vessel, DOES,<br>18  ROES, and MOES 1-100 et al, US Vessel Sand<br>19        Libellees.<br>20  Homero Velasques Saabedra<br>21  Lien Holder of the Vessel, the Real Party in Interest, Lawful Man<br>22  **Injured Third Party Intervener/Petitioner/Libellant,**<br>23  v.<br>24  CHASE HOME FINANCE, JAMIE DIMON<br>25  PRESIDENT, US Vesel, DOES, ROES and MOES 1-100 et al.<br>26  **US VESSELS INDIVIDUALLY AND SEVERALLY**<br>27  **Third Party Defendants/Libelles** | CASE NO.: C 07-05904<br><br>JUDGE:  Hon. Martin J. Jenkins<br><br>**CHASE HOME FINANCE LLC AND JAMIE DIMON'S NOTICE OF MOTION AND MOTION TO STRIKE PRAYER FOR PUNITIVE DAMAGES**<br><br>[FRCP 12(b)(6), (e)]<br><br>DATE:  March 4, 2008<br>TIME:  9:30 a.m.<br>DEPT:  "11"<br><br>Action Filed: 11/21/07 |

28

1
MOTION TO STRIKE PRAYER FOR PUNITIVE DAMAGES

1047470.2

    **PLEASE TAKE NOTICE** that on March 4, 2008 at 9:30 a.m., or as soon thereafter as the matter may be heard in Department "11" of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, California 94102, defendant Chase Home Finance LLC, erroneously sued as Chase Home Finance ("Chase") and Jamie Dimon, erroneously sued as a US vessel, ("Mr. Dimon," and collectively "Defendants"), will move this court for an order striking prayers for punitive damages improperly asserted in the Homero Velasques Saabedra's Petition For Libel of Review of Administrative Judgment ("Plaintiff" or "Saabedra") pursuant to Rule 12(f) of Federal Rules of Civil Procedure ("FRCP"). Specifically, Defendants seek to strike the following provisions:

- Relief sought, Paragraph B of p. 7-8, in its entirety,

    This Motion is based on this Notice, the concurrently filed Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such further oral and documentary evidence as may be presented at the hearing on this Motion.

DATED: January 17, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By   /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
ROCIO HERRERA
Attorneys for Defendants
CHASE HOME FINANCE LLC, erroneoulsy sued as CHASE HOME FINANCE, and JAMIE DIMON

**MEMORANDUM OF POINTS & AUTHORITIES**

Defendants Chase Home Finance LLC, erroneously sued as Chase Home Finance ("Chase"), and Jamie Dimon, erroneously sued as a US vessel, ("Mr. Dimon," and collectively "Defendants") respectfully submits this Memorandum of Points and Authorities in support of their Motion to Strike the prayer for punitive damages improperly asserted in Plaintiff Homero Velasques Saabedra's ("Plaintiff") Petition for Libel of Review of An Administrative Judgment, without leave to amend, or in the alternative for More Definite Statement.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Federal Rule of Civil Procedure ("FRCP") 12(f) provides that the court may order stricken from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter. A motion to strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law. *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559 (8th Cir. 1974). This Motion to Strike is directed toward the prayer for punitive damages which are not supported by the factual allegations in the complaint, that was misnamed Petition for Libel of Review of An Administrative Judgment ("Petition").

Simply put, Plaintiff has failed to allege <u>any fact</u> showing malicious, wanton or oppressive behavior on Chase or Mr. Dimon's part in this matter. *See*, Petition. In fact, the Petition is devoid of even conclusive allegations of malicious, wanton or oppressive behavior by Chase or Mr. Dimon. *Id*. Having failed to allege any such facts against Defendants, the Motion to Strike must be granted.

Accordingly, portions of the Petition relating to such requests for punitive or exemplary damages and attorneys fees are improper and should be stricken.

**II.   THE PETITION'S REFERENCES TO PUNITIVE DAMAGES AND CONCLUSORY ALLEGATIONS MUST BE STRICKEN**

In the "complaint," it is uncertain whether Plaintiff asserting a federal claim or a state claim. As to the request for punitive damages, it appears that Plaintiff is seeking recovery of punitive damages relating to his claim to enforce "Agreement/Contract." Therefore, Defendants assume that Plaintiff is asserting a state claim. In this regard, Under the *Erie* doctrine, the courts are to apply the

state law when adjudicating a state claim. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1939). Moreover, Plaintiff does not cite to any federal law or statute under which he is seeking punitive damages.

To warrant punitive damages, a complaint must allege conduct of "such severity or shocking character that it warrants the same treatment as that accorded to willful misconduct – conduct in which the defendant intends to cause harm." *Nolan v. National Convenience Stores*, 95 Cal.App.3d 279, 286 (1979). Ultimate facts of the defendant's oppression, fraud or malice must be alleged. *Cyrus v. Havision*, 65 Cal.App.3d 306, 316-317 (1976). Moreover, facts alleging actual malice must be pleaded. *Toole v. Richardson-Merrell, Inc.*, 251 Cal.App.2d 689, 711 (1967).

Under California Civil Code § 3294, punitive damages are permitted only "where defendant has been guilty of oppression, fraud or malice." The terms "oppression," "fraud" and "malice" are defined by Section 3294. Malice is "despicable" conduct of the defendant with a willful and conscious disregard of the rights or safety of others. Oppression is despicable conduct that exposes an individual to cruel and unjust hardship in conscious disregard of that individual's rights. Fraud is intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

A pleading is not sufficient if it merely alleges the statutory language. Rather, sufficient <u>facts</u> must be pleaded to show a party's acts are oppressive, fraudulent or malicious. *Hilliard vs. A.H. Robbins Co.*, 148 Cal.App.3d 374, 392 (1983). Moreover, a prayer for punitive damages may not be based on conclusory allegations. *G.D. Searle & Co. vs. Superior Court*, 49 Cal.App.3d 22, 29 (1975). Where a prayer for relief for punitive damages is not based on supported conclusions, those conclusions are properly stricken. "Whatever words are found in pleading (such, for instance, as 'carelessly, negligently, willfully, wrongfully, and in fraud of the right of these plaintiffs') going to state the pleader's conclusions, may be disregarded. A motion to strike out would be the proper way to seek their elimination…." *Smithson v. Sparber*, 123 Cal.App. 225, 232 (1932). "Allegations that the acts of [defendant] were 'arbitrary, capricious, fraudulent, wrongful and unlawful' like other adjectival descriptions of such proceedings, constitute mere conclusions of law." *Faulkner v.*

*California Toll Bridge Authority*, 40 Cal.2d 317, 319 (1952). These rules are consistent with California's general disfavor of -- and strict pleading requirements for -- punitive damages. *Henderson vs. Security Pac. Nat'l. Bank*, 72 Cal.App.3d 764 (1977).

The requirement that a plaintiff allege facts which demonstrate "despicable" conduct to support a prayer for punitive damages reflects the higher burden placed upon a plaintiff to plead particular facts. Here, Plaintiff has alleged insufficient facts demonstrating any despicable conduct on the part of Chase or Mr. Dimon. Specifically, Plaintiffs have failed to allege <u>any fact</u> showing "malice," "oppression," or "fraud" on Chase's part. In fact, the Petition is completely devoid of <u>specific factual allegations</u> against Mr. Dimon. With respect to Chase, none of the allegations indicate "malice," "oppression," or "fraud."

All allegations against Chase involve Chase's purported failure to respond within <u>three</u> days to a document purportedly mailed to Chase and titled "conditional acceptance of their claim upon submitting Proof of claim," a document titled "notice of fault – opportunity to cure," and a document titled "Notice for Demand and settlement for closing of escrow." *See*, Petition ¶ a-m. Such allegations do not evidence any malice, oppression, or fraud on Chase's part.

Plaintiff, however, simply alleges in conclusory terms that "

"That the Court enforce Administrative Findings in the perfected agreement and the order of relief by enforcement of the Agreement/Contract and the accounting and true bill found in the Invoice for injury against and sustained by the injured third party petitioner/libellant, intervenor; compensatory damages and punitive damages…with a sum certain of $28,252,962.00…" See, Petition, p. 7, ¶ B.

The prayer for punitive damages is, like the remainder of the "complaint" entirely nonsensical. Furthermore, the request is unsupported, irrelevant, and improper, and must be stricken from the Petition pursuant to FRCP 12(f).

///

///

III. **THERE ARE NO ALLEGATIONS THAT CHASE, A CORPORATE EMPLOYER, KNEW OF THE ALLEGED OPPRESSION, FRAUD, OR MALICE ON THE PART OF ANY OF ITS EMPLOYEES**

Civil Code § 3294(b) states in relevant part:

> "…With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation."

Here, Plaintiff names JPMorgan's CEO, Jamie Dimon as a libellee, or as a misnamed defendant. However, the entire Petition fails to include any allegations that Mr. Dimon committed any wrongdoing. In fact, it is devoid of any allegation with respect to Mr. Dimon. *See*, Petition. As such, the Petition is completely devoid of any allegation that <u>any officer, director, or managing agent of Chase had advance knowledge and with conscious disregard, authorized or ratified the acts of oppression, fraud or malice by Chase's employees</u>. In fact, the Petition makes no mention of <u>any</u> officer, director or managing agent of Chase. *See*, Petition. Thus, the Court must strike prayers for punitive and exemplary damages asserted in the Petition as Plaintiff has not alleged that an officer, director or managing agent of Chase had knowledge or ratified the acts of any Chase employee.

IV. **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the Court grant the motion to strike in its entirety.

DATED: January 17, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
S. CHRISTOPHER YOO
ROCIO HERRERA
Attorneys for Defendants
CHASE HOME FINANCE LLC, erroneously sued as CHASE HOME FINANCE and JAMIE DIMON

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On January 17, 2008, I served the foregoing document described as **CHASE HOME FINANCE LLC AND JAMIE DIMON'S NOTICE OF MOTION AND MOTION TO STRIKE PRAYER FOR PUNITIVE DAMAGES** on the interested parties in this action.

[x] by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

[x] **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

[ ] **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

[ ] **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

[ ] **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[x] (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on January 17, 2008, at Santa Ana, California.

*Rhonda K. White*
Rhonda K. White

**SERVICE LIST**

Homero Velasquez Saabedra          In Pro per
125 Marin Place
Woodland, CA 95695

PROOF OF SERVICE

1047470.2

1  JOHN M. SORICH (CA Bar No. 125223)
   jsorich@adorno.com
2  S. CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@adorno.com
3  ROCIO HERRERA (CA Bar No. 237139)
   rherrera@adorno.com
4  ADORNO YOSS ALVARADO & SMITH
   A Professional Corporation
5  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
6  Tel: (714) 852-6800
   Fax: (714) 852-6899
7
   Attorneys for Defendants
8  CHASE HOME FINANCE LLC, erroneously
   sued AS CHASE HOME FINANCE, and
9  JAMIE DIMON

10                  UNITED STATES DISTRICT COURT
11                  NORTHERN DISTRICT OF CALIFORNIA
12
13
   HOMERO VELASQUEZ SAABEDRA          CASE NO.: C 07-05904
14 Sramineus Homo, US Vessel
                                       JUDGE:   Hon. Martin J. Jenkins
15        Libellant,
                                       **[PROPOSED] ORDER GRANTING
16    v.                               CHASE HOME FINANCE LLC AND
                                       JAMIE DIMON'S NOTICE OF MOTION
17 CHASE HOME FINANCE, MR. JAMIE       AND MOTION TO STRIKE THE
   DIMON PRESIDENT, US Vessel, DOES,   PRAYER FOR PUNITIVE DAMAGES**
18 ROES, and MOES 1-100 et al, US Vessel Sand
19        Libellees.                   [FRCP 12(b)(6), (e)]

20 ─────────────────────────────       DATE:    March 4, 2008
   Homero Velasques Saabedra            TIME:    9:30 a.m.
21 Lien Holder of the Vessel, the Real Party in    DEPT:    "11"
   Interest, Lawful Man
22 **Injured Third Party**              Action Filed: 11/21/07
   **Intervener/Petitioner/Libellant,**
23
      v.
24
   CHASE HOME FINANCE, JAMIE DIMON
25 PRESIDENT, US Vesel, DOES, ROES and
   MOES 1-100 et al.
26 **US VESSELS INDIVIDUALLY AND
   SEVERALLY**
27 **Third Party Defendants/Libelles**
28
                                    1
                              [PROPOSED] ORDER

1  The motion of defendants Chase Home Finance LLC, erroneously sued as Chase Home
2  Finance ("Chase") and Jamie Dimon, erroneously sued as a US vessel, ("Dimon," collectively
3  "Defendants") to strike the prayer for punitive damages asserted in plaintiff Homero Velasques
4  Saabedra's Petition For Libel of Review of Administrative Judgment ("Petition") came on regularly
5  for hearing on March 4, 2008, at 9:30 a.m., in Courtroom "11" of the above-entitled Court. S.
6  Christopher Yoo, Esq. of Adorno, Yoss, Alvarado & Smith appeared on behalf of Defendants. All
7  other appearances were noted for the record.

8  After full consideration of the evidence, having reviewed the papers in support of the Motion,
9  and considered oral argument of counsel, the Court rules as follows:

10  GOOD CAUSE APPEARING, IT IS HEREBY ORDERED THAT:

11  1.  The Motion to Strike the Prayer for Punitive Damages in the Petition For Libel of
12  Review of Administrative Judgment is **granted without leave to amend**.

13  2.  Defendants are entitled to judgment in their favor.

16  Dated: _____

HONORABLE MARTIN J. JENKINS
U.S. DISTRICT COURT JUDGE,
NORTHERN DISTRICT

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On January 17, 2008, I served the foregoing document described as **[PROPOSED] ORDER GRANTING CHASE HOME FINANCE LLC AND JAMIE DIMON'S NOTICE OF MOTION AND MOTION TO STRIKE THE PRAYER FOR PUNITIVE DAMAGES** on the interested parties in this action.

☒   by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒   **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐   **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐   **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐   **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒   (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on January 17, 2008, at Santa Ana, California.

_Rhonda K. White_ (signature)
Rhonda K. White

## SERVICE LIST

Homero Velasquez Saabedra         In Pro per
125 Marin Place
Woodland, CA 95695

PROOF OF SERVICE

1047562.1