CHASE                                                    Feb  5 2008  13:16    P.01

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Homero Velasquez Saabedra
Sramineus Homo U.S., Vessel

    Plaintiff(s),

v.

Chase Home Finance, Mr. Jamie
Dimon President, US Vessel, et al.

    Defendant(s).

Case No. C 07-05904 MJJ

ADR CERTIFICATION BY PARTIES
AND COUNSEL

Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5 (b), each of the undersigned certifies that he or she has:

(1) Read the handbook entitled *"Dispute Resolution Procedures in the Northern District of California"* on the Court's ADR Internet site www.adr.cand.uscourts.gov *(Limited printed copies are available from the clerk's office for parties in cases not subject to the court's Electronic Case Filing program (ECF) under General Order 45);*

(2) Discussed the available dispute resolution options provided by the Court and private entities; and

(3) Considered whether this case might benefit from any of the available dispute resolution options.

Dated: 2/5/08

    [Party] Chase Home Finance LLC
    Thomas E. Reardon
    Assistant Vice President

Dated: 2/5/08

    [Counsel] S. Christopher Yoo, Esq.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On February 5, 2008, I served the foregoing document described as **ADR CERTIFICATION BY PARTIES AND COUNSEL** on the interested parties in this action.

☒   by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒   **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐   **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐   **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐   **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒   (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 5, 2008, at Santa Ana, California.

*Veronica Delgado* (signature)
Veronica Delgado

PROOF OF SERVICE

1047562.1

**SERVICE LIST**
**Homero Velasques Saabedra v. Chase Home Finance, et al.**
**USDC, Northern District Case No. C 07-05904 MJJ**

| | |
|---|---|
| Homero Velasquez Saabedra<br>125 Marin Place<br>Woodland, CA 95695 | In Pro per |

1  JOHN M. SORICH (CA Bar No. 125223)
   jsorich@adorno.com
2  S. CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@adorno.com
3  ROCIO HERRERA (CA Bar No. 237139)
   rherrera@adorno.com
4  ADORNO YOSS ALVARADO & SMITH
   A Professional Corporation
5  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
6  Tel: (714) 852-6800
   Fax: (714) 852-6899
7
   Attorneys for Defendants
8  CHASE HOME FINANCE LLC, erroneously
   sued AS CHASE HOME FINANCE, and
9  JAMIE DIMON

10                    UNITED STATES DISTRICT COURT
11                    NORTHERN DISTRICT OF CALIFORNIA
12

13 | HOMERO VELASQUEZ SAABEDRA         | CASE NO.: C 07-05904 MJJ
14 | Sramineus Homo, US Vessel         |
                                       | JUDGE:    Hon. Martin J. Jenkins
15 |        Libellant,                 |
                                       | **DECLARATION OF S. CHRISTOPHER
16 | v.                                | YOO RE: FAILURE OF PLAINTIFF
                                       | HOMERO VELASQUES SAABEDRA TO
17 | CHASE HOME FINANCE, MR. JAMIE     | PARTICIPATE IN ADR MEET AND
   | DIMON PRESIDENT, US Vessel, DOES, | CONFER UNDER LOCAL RULES**
18 | ROES, and MOES 1-100 et al, US Vessel Sand
19 |        Libellees.                 |
20 |                                   |
   | Homero Velasques Saabedra         | Action Filed: 11/21/07
21 | Lien Holder of the Vessel, the Real Party in
   | Interest, Lawful Man              |
22 | **Injured Third Party             |
   | Intervener/Petitioner/Libellant,**|
23 |                                   |
   | v.                                |
24 |                                   |
   | CHASE HOME FINANCE, JAMIE DIMON   |
25 | PRESIDENT, US Vesel, DOES, ROES and
   | MOES 1-100 et al.                 |
26 | **US VESSELS INDIVIDUALLY AND     |
   | SEVERALLY**                       |
27 | **Third Party Defendants/Libelles**|

28
                                    1
              DECLARATION RE: PLAINTIFF'S FAILURE TO MEET AND CONFER
1048600.1

## DECLARATION OF S. CHRISTOPHER YOO

I, S. Christopher Yoo, declare as follows:

1. I am a member of the law firm of Adorno Yoss Alvarado & Smith, a Professional Corporation, attorneys of record for defendants Chase Home Finance LLC, erroneously sued as Chase Home Finance ("Chase"), and Jamie Dimon, erroneously sued as a US vessel, ("Mr. Dimon," and collectively "Defendants") in the above-captioned action ("Action"). I have been duly admitted to practice law in the State of California, and the Northern District of California. If called as a witness in this Action, I am competent to testify of my own personal knowledge, to the best of my recollection, and as to matters which are public record of which judicial notice may be taken.

2. My office was not aware of the upcoming case management conference on February 26, 2008 and the requirement to meet and confer by no later than February 5, 2008 to prepare filing a joint case management conference and to discuss ADR options until we checked the PACER docket in mid January 2008.

3. Plaintiff Homero Velasques Saabedra ("Plaintiff" or "Saabedra"), a pro se plaintiff, did not contact my office to arrange the meet and confer. Yesterday, on February 4, 2008, I sent a letter by overnight mail to Mr. Saabedra requesting him to call my office to meet and confer as to the upcoming case management conference and ADR options.

4. Mr. Saabedra did call my office this morning around 8:50 a.m., but I was unable to "meet and confer" with him, because he did not speak English. Through my secretary (who speaks Spanish), I requested him to call me again with a person who can translate for him. Mr. Saabedra told my secretary he would call again at 10:00 a.m., but he has yet to call my office.

5. Because Mr. Saabedra did not engage in the meet confer as to the ADR options, Defendants are unable to submit any joint stipulation as to any ADR options.

6. Moreover, Saabedra's "complaint" is a nonsensical and incomprehensible. Saabedra's complaint, entitled "Petition for Libel of Review of an Administrative Judgment," appears to be one of several identical pro se complaints filed in the Northern District, and notarized by "Luz-Maria Urzua." In this regard, Judge Marilyn Hall Patel has already summarily dismissed a lawsuit entitled, *Coombs v. Chase Home Finance LLC* et al, Case NO. 08-0232MHP. A true and

2
DECLARATION RE: PLAINTIFF'S FAILURE TO MEET AND CONFER

1048600.1

1 correct copy of the Order Denying Forma Pauperis Filing and Dismissing Complaint in the Coombs
2 action is attached hereto as Exhibit "A."

3   7.   In this action, Defendants' motion to dismiss is set to be heard on March 4, 2008.

4   8.   Because the lawsuit is nonsensical and incomprehensible, this case is not really
5 amenable to an ADR mechanism.

6 I declare under penalty of perjury under the laws of the United States of America that the
7 foregoing is true and correct, and that this declaration is executed on February 5, 2008 at Santa Ana,
8 California

_____
S. CHRISTOPHER YOO

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLARENCE J. COOMBS,

    Plaintiff(s),

vs.

CHASE HOME FINANCE, et al.,

    Defendant(s).

Case No. 08-0232MHP

**ORDER DENYING IN FORMA PAUPERIS FILING AND DISMISSING COMPLAINT**

    Plaintiff attempts to invoke the admiralty jurisdiction of this court with his complaint which he titles "Petition for Libel Review of an Administrative Judgment" and denominating himself as *Sramineus Homo, US Vessel, Libellant*". His complaint is strewn with misused, nonexistent or curious words purportedly in English, Latin and bloated legalese.[1] Plaintiff quotes from or cites to all manner of cases ranging from theft and kidnap to asylum, admiralty and insurance, with a few citations to the Old Testament thrown in under a paragraph entitled "Law of the flag".

    What is clear from plaintiff's complaint is that nothing is clear. It is not a short and plain statement of his case. It is incomprehensible and nonsensical. The only thing in the complaint that makes any sense is a two-page document entitled "Mortgage Loan Statement". It is buried among the morass of allegations, statements and gibberish that fill the rest of the thirty plus pages.

    The district court may deny <u>in forma pauperis</u> status and dismiss a complaint <u>sua sponte</u> if federal subject matter jurisdiction is lacking or if the complaint is frivolous. <u>See</u> 28 U.S.C. §1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke</u>

v. Williams, 490 U.S. 319, 325 (1989)(found to be superseded on other grounds by reason of adoption of section 1915(e) which makes dismissal for failure to state a claim mandatory), see, e.g., Lopez v. G.A.Smith, 203 F.3d 1122, 1126 (9thCir.2000); Cruz v. Gomez, I/O, 202 F.3d 593, 596 (2dCir.2000).

Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction", there is no "arguable basis in law" under Neitzke and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under section 1915(d). Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Furthermore, where the complaint alleges facts that are "clearly baseless", "fanciful", or "delusional" it may be dismissed as frivolous. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992)(also found superseded in that dismissal was within discretion of district court under section 1915(d)) and now, under section 1915(e)(2) dismissal is mandatory, see Cruz v. Gomez, 202 F.3d at 596. If the pro se plaintiff can cure the factual allegations in order to state a claim, the court may give him or her leave to do so. However, if repleading cannot cure the deficiencies the court may dismiss without leave to amend and even dismiss with prejudice. See Cato v. United States, 70 F.3d at 1106.

The court fails to see how plaintiff could state any claim that would amount to a plausible claim or one over which this court would have jurisdiction, but then it is impossible to tell from plaintiff's complaint. Certainly, there is nothing that appears from the papers that falls within the court's admiralty jurisdiction. Plaintiff cannot make himself and the defendant vessels just by calling them vessels. Therefore, the application to file in forma pauperis is DENIED and the complaint is DISMISSED.

IT IS SO ORDERED.

Date: January 17, 2008

MARILYN HALL PATEL
Judge, United States District Court
Northern District of California

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On February 5, 2008, I served the foregoing document described as **DECLARATION OF S. CHRISTOPHER YOO RE: FAILURE OF PLAINTIFF HOMERO VELASQUES SAABEDRA TO PARTICIPATE IN ADR MEET AND CONFER UNDER LOCAL RULES** on the interested parties in this action.

☒  by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒  **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐  **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐  **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐  **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒  (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 5, 2008, at Santa Ana, California.



Veronica Delgado

PROOF OF SERVICE

1047562.1

**SERVICE LIST**
Homero Velasques Saabedra v. Chase Home Finance, et al.
USDC, Northern District Case No. C 07-05904 MJJ

| | |
|---|---|
| Homero Velasquez Saabedra<br>125 Marin Place<br>Woodland, CA 95695 | In Pro per |