SUPERIOR COURT, STATE OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FILED
FEB -1 AM 10: 33
RICHARD W. WIEKING
U.S. DISTRICT COURT
N.D. OF CALIFORNIA

| | |
|---|---|
| HOMERO VELASQUEZ SAABEDRA | ) Case No.: No. C 07-05904 MJJ |
| C/o 125 Marin Place, | ) MEMORANDUM CONTRA REQUEST TO STRIKE |
| Woodland, California Zip Code Exempt, | ) |
| Libellant, | ) |
| vs. | ) |
| CHASE HOME FINANCE, JAMIE DIMON et. | ) |
| Al. | ) |
| Suite 200 | ) |
| C/o 1 MacArthur Place | ) |
| Santa Ana, California [92707] | ) |
| Libellee, | |

MEMORANDUM

Now, by special appearance, comes Homero Velasquez Saabedra, the flesh and blood man, Sui Juris and unschooled in law, hereinafter referred to as me, my, I, or the like, to make the following AFFIDAVIT with clean hands, full disclosure and no intent to defraud, furthermore, the following first hand asseverations are true, complete, certain and not meant to mislead or delay.

1.) I am of legal age, competent to testify and under no legal disability.

MEMORANDUM - 1 OF 3

2.)   Libellant has filed an action for declaratory judgment.

3.)   Libellant has exhausted his administrative remedies in this instant matter.

4.)   Libellant seeks a default judgment as libellees have failed to rebut the complaint.

5.)   Libellees have failed to ask for a more definitive statement and are in agreement with libellant.

6.)   CHASES' PRESENTMENT fails to aver any first hand knowledge of the facts therein.

7.)   Averments of an attorney are not first hand evidence and serve as hearsay testimony which is not admissible.

8.)   I have perfected an administrative COUNTERCLAIM procedure to exhaust my administrative remedies in this instant matter, see Notary Protest.

9.)   An examination of the Notary Protest will serve to establish that CHASE BANK has agreed to be bound to the COUNTERCLAIM obtained through the binding arbitration process of a Notary Protest, see Notary Protest.

## OVERVIEW OF FACTS

10.)   On _____ Libellees sent a presentment to me demanding payment of a sum certain.

11.)   I conditionally accepted that presentment upon CHASES' continuing fiduciary duty to deal honestly and answer questions about the underlying obligation.

12.)   The RECORD shows that CHASE refused and/or failed to provide the requested proof of claim.

13.)   The RECORD shows that CHASE is now resorting to ridicule to avoid the obvious established fact that there is no debt due and owing CHASE.

14.)   I am unschooled in law and if the terms I have used are confusing I apologize and will be honored to clarify any specific definition, in doubt, to settle and close this matter in harmony with the post bankruptcy public policy of the UNITED STATES inc.

15.)   CHASE has at no time, until now, indicated any confusion with my correspondence.

16.)   CHASE has remained silent until now.

17.)   CHASE had ample opportunity to ask for a more definitive statement.

18.)   The RECORD shows that no such request for a more definitive statement was executed.

19.)   Federal Rules of Civil Procedure provide for default judgment by the clerk for a failure to appear and defend.

20.)   The Protest evidences CHASES' agreement, consent and stipulation to our position.

21.)   A declaratory judgment establishing CHASES' default is appropriate.

My yea is my yea and my nay is my nay.

Dated this 30Th day of January, 2008

*[signature]*
By: authorized representative
Without recourse